IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-014 |
| | ) | |
| VICKIE PARKS SHEPPARD | ) | |

## ORDER

Defendant Vickie Parks Sheppard filed a "Motion to Extend Time for Filing Pretrial Motions," in which she seeks an extension of the pre-trial motions filing deadline set at the February 12, 2009 arraignment in this case. (Doc. no. 27). The Court finds, as a matter of fact and law, that the motion is not for the purpose of delay, but in the furtherance of justice, and to protect the defendant's right to a fair trial. The Court also finds that the motion is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for the effective preparation of defense counsel in that counsel needs additional time to prepare the appropriate defense motions. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting the motion for an extension outweigh the best interests of the public and the defendant in a speedy trial, the motion is **GRANTED**. The defendant's pre-trial motions must be filed by Thursday, March 5, 2009. The period of delay resulting from this extension is excluded in computing the time within which the trial of this matter may commence.

Along with the request for extension of time, Defendant also filed some of her pre-trial motions. One of these motions is a "Preliminary Motion to Suppress," in which Defendant requests that an order be entered suppressing:

all physical evidence seized in violation of this Defendant's Fourth or Fifth Amendment rights, as well as any statements made by this Defendant to Government agents and any oral or wire communications intercepted through wiretap or other means of electronic surveillance in contravention of the Fourth and Fifth Amendments to the United States Constitution and 18 U.S.C. § 2510 *et seq*.

(Doc. no. 29, p. 1).[1] The motion also includes a request that the Court hold an evidentiary hearing on the motion.

The decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).

A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). However, a district court is not compelled to grant an evidentiary hearing when a defendant promises to allege at a hearing what she has failed to allege in her motion papers. Cooper, 203 F.3d at 1285. Thus, the burden is upon Defendant

---

[1] Notably, although there is no factual support for the motion, it requests that Defendant be allowed to supplement the motion at an unspecified later date. However, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

to allege facts that would, if proven true, entitle her to relief. Lewis, 40 F.3d at 1332. This Court has a Local Rule that addresses the proper means by which to allege those facts:

> Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Loc. Crim. R. 12.1.

Here, Defendant has provided absolutely no evidentiary detail to support any type of claim for suppression. In sum, the motion to suppress, filed without a supporting affidavit from Defendant and without any evidentiary support, does not satisfy her burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists.

Accordingly, the Court finds no reason to schedule this matter for a hearing unless and until Defendant files an appropriate affidavit or citations to record evidence in support of her motion to suppress. If Defendant intends to file a motion to suppress in compliance with Loc. Crim. R. 12.1, she should do so no later than Thursday, March 5, 2009. Any supporting affidavit should set forth the specific factual allegations upon which Defendant bases her contention that her rights were violated, and if the alleged violations involved a search, that she had a legitimate expectation of privacy in the property searched. Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980) (citing Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978)). To establish a legitimate expectation of privacy, "a defendant must demonstrate that [s]he personally has an expectation of privacy in the place searched, and that [her] expectation is reasonable," that is, recognized and permitted by society. Minnesota v. Carter, 525 U.S. 83, 88 (1998). If a particularized motion is not filed by March 5th, the preliminary

motion to suppress will be treated as a nullity, and the cause requirement for filing untimely motions set forth in note one of this Order shall apply.

Defendant also filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 33). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

Lastly, Defendant filed a "Motion to Inspect, Examine, and Test Physical Evidence." (Doc. no. 34). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

4

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

SO ORDERED this 2nd day of March, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE